IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNY RAY PORTER                                                                                    PLAINTIFF

v.                                              Case No. 4:23-cv-4085

SHERIFF BRIAN MCJUNKINS;
LOUIS BOELING; and
CHIEF DEPUTY JOEY DAVIS                                                                       DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Johnny Ray Porter's failure to comply with Orders of the Court and to prosecute this matter. Plaintiff submitted this 42 U.S.C. § 1983 action *pro se* on September 12, 2023. ECF No. 1. Plaintiff submitted an Application to proceed *in forma pauperis* ("IFP") with his Complaint. ECF No. 2. The Court granted Plaintiff's IFP Application that same day. ECF No. 3. The Court also ordered that:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.**

*Id*. (emphasis in original).

On October 30, 2023, Plaintiff filed a Notice of Change of Address indicating he was released to the Sober Living house in Little Rock, Arkansas. ECF No. 13. The Court changed Plaintiff's address of record to reflect this transfer. On November 21, 2023, Plaintiff filed a second Notice of Change of Address indicating he was transferred to Howard County Detention Center ("HCDC") in Nashville, Arkansas. ECF No. 16. The Court again changed Plaintiff's address of record to reflect his move to the HCDC.

On December 11, 2023, Defendants filed a Motion for Summary Judgment on the limited

issue of exhaustion.[1] ECF No. 17. The Court then entered an Order directing Plaintiff to file a response to Defendants' Motion for Summary Judgment by January 2, 2024. ECF No. 20. The Court mailed this Order to Plaintiff at his current address of record—the HCDC. This Order was returned as undeliverable on December 21, 2023. ECF No. 22.

The Court previously received returned mail which was sent to Plaintiff at the HCDC on December 14, 2023. ECF No. 21. Plaintiff has not communicated with the Court since filing his last Notice of Change of Address on November 21, 2023. ECF No. 16. The Court has no new address for Plaintiff at this time.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis

---

[1] This Motion was filed pursuant to the Court's October 27, 2023 Bench Order which stayed all discovery until the issue of exhaustion was resolved. ECF No. 11. Accordingly, no discovery has been conducted in this matter, and the pending Motion for Summary Judgment addresses the issue of exhaustion alone.

added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Here, Plaintiff has failed to prosecute this case and comply with the Court's Orders. Specifically, Plaintiff has failed to keep the Court apprised of his current address. However, the Court does not find dismissal with prejudice is warranted here. While Defendants have filed a Motion for Summary Judgment, it is one addressing exhaustion only. Further, no resources have been expended on lengthy discovery or litigation at this juncture. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's Complaint (ECF No. 1) should be and is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of January, 2024.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge